Gamaliel GARIBAY–ROMO, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–70740.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Wayne Spindler, Esq., Tarzana, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Allen W. Hausman, Attorney, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Gamaliel Garibay–Romo, a native of Mexico and legal permanent resident of the United States, petitions for review of a Board of Immigration Appeals' ("BIA") order affirming without opinion the decision of an immigration judge ("IJ") finding him removable for alien smuggling. To the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's finding of removability, *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004), and we review de novo petitioner's due process challenge, *Padilla v. Ashcroft,* 334 F.3d 921, 923 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's finding that Garibay–Romo was removable for alien smuggling where the record contains Garibay–Romo's sworn statement admitting that he knew the passenger in his car was attempting to enter the United States with a fraudulent document and that he was assisting her. *See Altamirano v. Gonzales,* 427 F.3d 586, 595 (9th Cir.2005). Moreover, substantial evidence supports the IJ's decision to credit the sworn statement over petitioner's inconsistent and implausible testimony concerning whether he knew the unlawful alien status of the passenger in his car. *See Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir.2003) (concluding that inconsistencies and implausibilities in testimonial and documentary evidence went to the heart of applicant's claim and supported IJ's adverse credibility finding).

Garibay–Romo's due process argument is unavailing. *See Falcon–Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003) (holding that the BIA does not violate due process by summarily affirming an IJ decision.)

■ We lack jurisdiction to review Garibay–Romo's contentions regarding the issuance of the notice to appear and his eligibility for cancellation of removal, as he failed to raise those issues to the BIA. *See*

*Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Garibay–Romo's remaining contentions are rejected.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**